No. 19,316.

KENNETH A. SELBY IN RE JUDITH ANNE HOLLANDER *v.* JEAN J. JACOBUCCI, JUDGE OF THE COUNTY COURT OF ADAMS COUNTY.
(349 P. [2d] 567)

Decided February 23, 1960.

Mr. Kenneth A. Selby, Pro se.

Mr. James C. Merbs, District Attorney, Mr. Leonard H. McCain, Deputy, for respondent.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

This is an original proceeding in which the petitioner, a member of the bar of this Court, seeks a writ in the nature of mandamus or prohibition, directed to respondent, judge of the County Court of Adams County, requiring him to vacate an order entered in a proceeding therein pending, prohibiting petitioner to appear therein as counsel representing one Judith Anne Hollander, a minor, seventeen years of age, charged with being a delinquent child. Pursuant to the prayer of the petition, a rule to show cause was issued.

By a complaint filed by her parents on October 31, 1959, it was charged that Judith Anne "did violate the law, in that she did leave home without their [parents'] will and without their permission in the company of William R. Plumlee and did remain away during the night; that said child is disorderly, disobedient, defiant, immoral and incorrigible and engages in activities inimical to her best interests and welfare." This complaint was filed pursuant to Chapter 22, Article 8 of C.R.S. '53 concerning delinquent children.

On November 3, 1959, Rudy Hollander, father of Judith Anne, caused to be filed a complaint against William Plumlee alleging that said Plumlee "did encourage, cause and contribute to the delinquency of one Judith Anne Hollander * * *."

Petitioner Selby was employed by the parties so

charged as counsel, and entered his appearance in said court in behalf of each of them.

The return of respondent recites: "that at a hearing before Judge Jean J. Jacobucci * * * on December 3, 1959, said Rudy and Mrs. Rudy Hollander specifically forbade said Kenneth A. Selby [attorney] to represent their daughter Judith Anne Hollander, in the pending Juvenile Delinquency hearing."

Thereupon the Respondent issued the order here complained of prohibiting Mr. Selby from appearing for Judith Anne in the delinquency proceedings.

 It requires no citation of authorities to sustain the proposition that any person proceeded against in a court is entitled to counsel of his or her own choosing, and the selection of such counsel cannot be dictated by those who instigated the action. Here the minor is seventeen years of age, has selected her own counsel, and we are compelled to hold that the trial court exceeded its jurisdiction entering the order prohibiting Mr. Selby from appearing or representing his client.

To assume as stated in the return of respondent that Mr. Selby in representing both this minor and Mr. Plumlee "would permit him to have access to evidence and confidential counsel which may be used to advantage in his representation of the defendant, William Plumlee, and to the disadvantage of the welfare of the said minor child" is to beg the question and to assume that Mr. Selby will betray his trust as a member of the bar of this Court.

It is, therefore, ordered that the rule to show cause heretofore issued herein be made permanent.